UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ISRAEL CABLES, ROSA E. BENITEZ, HUMBERTO AGUILA, MIGUEL LEYVA, TERESITA BENITO DE LA ROSA, GERARDO PEREZ, and others similarly-situated,

      Plaintiffs,

vs.

SMI SECURITY MANAGEMENT, INC., a Florida for profit corporation,

      Defendant.
_____/

CASE NO. 10-24613-CIV-SEITZ

MAGISTRATE JUDGE O'SULLIVAN

### DEFENDANT'S RESPONESE TO MOTION FOR CONDITINOAL CLASS CERTIFICATION OF COLLECTIVE ACTION UNDER THE FLSA [D.E. 12]

Defendant, SMI SECURITY MANAGEMENT, INC. ("SMI"), files this Memorandum of Law in Opposition to Plaintiffs' Motion for Conditional Certification of Collective Action and Permission to Send Court Supervised Notice Advising Similarly-Situated Individuals of Their Opt-in Rights Pursuant to 29 U.S.C. Section 216(b) ("Motion"). [D.E. 12]. For the reasons set forth in greater detail below, the Motion should be denied because Plaintiffs have only submitted their affidavits as the *only* supporting evidence for the requested relief and have *failed to satisfy their burden* to prove that there are other putative class members who desire to join this lawsuit.

Moreover, the claim alleged in paragraph 9 of the Complaint was fully settled through a Department of Labor ("DOL") supervised settlement. For the other limited number of times that payments were not "promptly" made, Defendant has tendered full payment for the *liquidated*

damages sought by Plaintiffs as set forth in the Answer. [D.E. 10 ¶ 8].  Plaintiff *Cables* does not have a claim for untimely paid wages.

## Procedural History

1. Defendant SMI provides security and security guard services to various aviation clients located at Miami International Airport ("MIA").  One of the critical services provided by SMI is the security of the interior of aircraft as well as the monitoring of the "sterile area" at MIA.

2. In 2010, Mr. Anthony Sanchez represented a Plaintiff in an action against Defendant styled *Monica Rodriguez v. SMI Security Management, Inc., Case No. 09-21671-CIV-MOORE*.  In that case, SMI agreed to pay the *Rodriguez* Plaintiff a total $85,000.00 in full satisfaction of her claim.  The parties in that case, entered into a settlement agreement/stipulated final judgment.  SMI was required to make payments, which if not timely made, allowed the *Rodriguez* plaintiff to receive an additional penalty of $130,000.00, and a judgment for $215,000.00.  SMI was unable to make the payments required by the settlement because of an unexpected event.

3. Thereafter, Plaintiffs' counsel in that case, Mr. Sanchez went on a frenzy serving writs of garnishments on all of SMI's major customers and banking institutions.  Writs of Garnishment were served on SMI's major clients (i.e., TACA International Airlines, Avianca, Inc., and Lan Cargo, S.A.).  On SMI's banking institutions, were funds were held to pay employee's wages, including the Plaintiffs' in this action (i.e., Wachovia Bank N.A.).  A Notice of Lis Pendens was served on SMI's property. Exhibit A. *See* [D.E. 86].[1]

---

[1] SMI was also damaged in that it lost a number of customers.

4. As a result of the Writs of Garnishment, SMI opened a separate and new bank account *in order to pay its employees.* Plaintiffs' counsel, Mr. Sanchez, using an *inside source*,[2] discovered where the new bank account (JPMorgan Chase & Co.) was opened. He then served yet another Write of Garnishment upon that account where SMI had separate funds in order to pay employee's wages. Consequently, SMI was unable to pay its employees, including Plaintiffs.

5. The Writs of Garnishment served allowed Mr. Sanchez to withhold funds well in excess of the $215,000.00 judgment. Mr. Sanchez was then provided with evidence that Wachovia Bank alone had more than ample sums to satisfy the Judgment. SMI even agreed to hold additional funds in order to satisfy any additional amounts that Mr. Sanchez may have incurred in attorney's fees. Mr. Sanchez was also advised that SMI was unable to pay its employees because all of its accounts were frozen and its main clients were subject to the writ of garnishments. Exhibit B.

6. Mr. Sanchez was contacted via e-mail and was asked whether he would be agreeable to release the necessary funds in order to pay the employees. Exhibit B. In an e-mail, Mr. Sanchez responded that he would not agree to dissolve any of the writs *even if his client was fully protected.* Exhibit C.

7. Consequently, SMI was unable to timely pay its employees, including the Plaintiffs in this case. Ironically, Mr. Sanchez attempts to create a cause of action for the very same predicament that he created.

8. The Department of Labor ("DOL") became involved. The DOL then supervised a settlement with all the employees who were not timely paid. All employees, including Plaintiffs,

---

[2] Mr. Sanchez had not taken any discovery to determine that SMI had recently opened the J.P. Morgan Chase & Co., bank account at that time.

involved received *their full wages and their claims were released as supervised by the Department of Labor.* Exhibit D.

9.  Notwithstanding, Plaintiffs through Mr. Sanchez now seek conditional class certification on the claim set forth in paragraph 9 of the Complaint which is fully released because the DOL supervised the settlement. [D.E. 1]. See also Plaintiffs' cookie cutter Affidavits, paragraph 7. [D.E. 11].

10. Other portions of the Complaint allege that throughout the years, employees' wages were untimely paid. SMI has reviewed all payroll records and has tendered the *liquidated* damages for the *limited* number of time when wages were not timely paid. See [D.E. 10 ¶ 8].

## The Merits of the Motion for Class Certification

11. Plaintiffs seek *liquidated* damages because on *limited* occasions they were not paid their wages when they became due. [D.E. 1]. The Motion for Conditional Class Certification is legally insufficient because there is no evidence that other employees want to join this action. [D.E. 12]. In support of the Motion, Plaintiffs file their own affidavits which are attached to the Motion. [D.E. 11]. Significantly, Plaintiffs do <u>not</u> submit or offer the affidavits or consent of any other persons who wish to join this action. Moreover, the Affidavits *do not even state that other employees want to joint this action.* In short, the Motion lacks a scintilla of evidence to support class certification.

## **LEGAL ARGUMENT**

### A.  Plaintiffs Are Not Entitled To Court Supervised Notice Because They Fail To Satisfy Their Burden Of Proof

12. To obtain conditional certification of a collective action under 29 U.S.C. § 216(b), Plaintiffs have the burden of showing that: (1) they are "similarly-situated" to other putative class

members; and (2) the similarly-situated putative class members wish to participate in the lawsuit. *See Morgan v. Family Dollar*, 551 F.3d 1233 (11th Cir. 2008); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001); *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). A plaintiff must meet the burden by providing "more than unsupported and generalized allegations." *Rodgers v. CVS Pharm., Inc.*, 2006 WL 752831, at *5 (M.D. Fla. 2006). Indeed, the right to proceed on behalf of other employees is not automatic, but instead must be approved by the court. *See Brooks v. BellSouth Telecomm's, Inc.* 164 F.R.D. 561, 566 (N.D. Ala. 1995), *aff'd* 114 F.3d 1202 (11th Cir. 1997) ("the broad remedial purposes of the FLSA are best served if the district court is found to have the authority and discretion to give notice to other potential class members to 'opt in' to plaintiff's class."). Further, "the decision to create an opt-in class under §216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." *See Hipp,* 252 F.3d at 219.

13.     In this case, court-supervised notice is only appropriate <u>if</u> Plaintiffs demonstrate that: (1) there are potential class members who desire to join the lawsuit; (2) the potential class members are similarly-situated; and (3) the factual similarities among the potential class members are such as to render them manageable as a class and promote the efficient resolution in one proceeding of common issues of law and fact arising from the same alleged activity, *e.g.*, that providing notice to bring individuals into one case is an efficient way to handle the case. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 886 (11th Cir. 1983) (suit for unpaid overtime wages; allegations of two Florida employees not paid overtime insufficient for state-wide notice). *Plaintiffs do not even attempt to meet their burden of proof.* Instead, they make general character assassination allegations against Defendant which are conclusory, hearsay and supported by inadmissible documents (i.e., a

Memorandum from the Miami-Dade County Mayor, which is not authenticated and a Notice of a Federal Tax Lien). [D.E. 12-3]; [D.E. 12-4].

14.     The Eleventh Circuit has made it clear that, in order for this Court to facilitate notice in this case, Plaintiffs must satisfy the requirements set forth above.  Specifically, in *Dybach v. State of Florida Dept. of Corrections,* the Eleventh Circuit held that a district court has the power to facilitate notice to potential class members in a Section 216(b) case <u>only</u> if it can "satisfy itself that there are other employees...who desire to 'opt-in' and who are 'similarly situated' to plaintiff." 942 F.2d at 1567.  The holding in *Dybach* is consistent with the FLSA's prescription that notice to potential plaintiffs is granted only when there has been a showing that such similarly-situated persons exist. 29 U.S.C. § 216(b); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).  To meet the "similarly-situated" requirement of § 216(b), a plaintiff must make "substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits...." *Hipp,* 252 F.3d at 1219 (citing *Grayson,* 79 F.3d at 1097).  To this end, "the Eleventh Circuit requires a determination [that] the individuals 'are similarly-situated with respect to their job requirements and with regard to their pay provisions.'" *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941 (M.D. Fla. 1994) (quoting *Dybach*, 942 F.2d at 1567)).

15.     Plaintiffs bear the burden of establishing that they – and the class they seeks to represent – are similarly-situated and that they desire to join this action. *Grayson,* 79 F.3d at 1097; *Haynes*, 696 F.2d at 887.   However, Plaintiffs <u>only</u> evidence that they are similarly-situated to the class they propose is limited to their affidavits, which are insufficient to meet their evidentiary burden.   As one district court aptly stated:

> *Even under the "fairly lenient standard" called for in Hipp, plaintiffs have not met their burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals exist in the broad class that they propose....As noted above, plaintiffs must*

> *introduce more than their own statements that other potential class members exist….Here, plaintiffs' only evidence is the deposition of [plaintiff], who testified that she had spoken to at least 12 employees at [defendant] about the lawsuit, that these employees were unhappy with [defendant's] policies…and that these employees indicated that they would join the lawsuit.* ***However, Plaintiffs have filed no affidavits or consents from these would-be class members to suggest that they are actually willing to join the suit****….Thus, the Court concludes that plaintiffs have not carried their burden of demonstrating that other plaintiffs exist who desire to opt in.* Davis v. Pokphand, 303 F.Supp.2d 1272, 1277 (M.D. Ala. 2004) (emphasis added).

16. But more importantly, Plaintiffs do not even allege that there are other employees who wish to join this action.

17. Courts in this District and throughout the country have uniformly denied motions for conditional certification where, as here, the plaintiffs fail to produce evidence that other employees want to join. *See Galban, et al. v. Bill Seidle's Nissan, Inc.*, Case No. 09-20301-CIV-UNGARO, Dkt. No. 17 (S.D. Fla. Apr. 9, 2009) (copy of this Court's Order is attached hereto as Exhibit "E"); *Ulysse v. Divosta Bldg. Co.*, 2006 WL 3618449, *1 (S.D. Fla. 2006) (denying motion for notification because "plaintiff cannot rest his case on the argument of counsel, nor can plaintiff testify to his opinion that other employees may be interested in joining the action."); *Horne v. United Services Auto Assn*, 279 F.Supp.2d 1231, 1236 (M.D. Ala. 2003) (plaintiff's personal beliefs insufficient to satisfy Eleventh Circuit Standard)); *Louis-Charles v. Sun-Sentinel Co.*, 2008 WL 708778 (S.D. Fla. 2008) (same); *Davis,* 303 F.Supp.2d at 1277 (same).

18. In *Galban,* the Court denied the Motion for Conditional Certification, which was supported by the affidavits of <u>two</u> named plaintiffs. In so ruling, the court found that the plaintiffs' two affidavits were not sufficient evidence to establish the existence of other potential class members who wish to join the lawsuit; *see also Mackenzie v. Kindred Hosp. East*, LLC, 275 F.Supp.2d 1211, 1220 (M.D. Fla. 2003) ("unsupported expectations that plaintiffs will subsequently come forward are insufficient to justify notice"); *White v. KCPAR, Inc.*, 2006 WL

1722348, *3 (M.D. Fla. 2006) (denying motion for notification because three "virtually identical affidavits" regarding plaintiffs' beliefs and unsupported expectations did not meet requisite showing and because "notice to a potential class is not appropriate to determine whether there are others who desire to join the lawsuit"); *Barten v. KTK & Assoc., Inc.*, 2007 WL 2176203, *2 (M.D. Fla. 2007) (finding that plaintiffs' three declarations that they "think" other employees would opt in are "speculative, vague and conclusory" and holding that a "plaintiff's belief in the existence of other employees who desire to opt in and 'unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify' certification of a collective action and notice to a potential class"); *Rodgers*, 2006 WL 752831, *4-5 (finding that plaintiffs' three declarations insufficient to demonstrate the existence of other similarly situated employees who desire to opt-in to action); *Robinson v. Dolgencorp, Inc.*, 2006 WL 3360944, *5 (M.D. Fla. 2006) (same).

19.     In short, certification of a collective action and notice to a potential class is <u>not</u> appropriate to determine whether there are others who desire to join the lawsuit. *See Mackenzie,* 275 F.Supp.2d at 1220 ("unsupported expectations that plaintiffs will subsequently come forward are insufficient to justify notice") (citing *Haynes*, 696 F.2d at 887); *D'Anna v. M/A-Com, Inc.,* 903 F.Supp. 884, 894 (D. Md. 1995) (companies "should not be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense."). Because Plaintiffs have not provided *any* evidence that there are potential class members who desire to opt in, the Motion must be denied.

**Explanation that Opt-Ins Can Retain Other Counsel**

20.     Defendant further objects to the proposed Notice because it does not inform potential opt-in plaintiffs that they may retain counsel other than Mr. Sanchez to represent them in this action. [D.E. 12-1].  If potential opt-ins join this action, they are not limited to Mr. Sanchez

representation, as should be noted with the Notice. *See Yaklin v. W-H Energy Servs., Inc.*, 2008 WL 1989795, *4 (S.D. Tex. 2008) ("The Court agrees that the notice must inform potential class plaintiffs that they may contact any attorney of their choosing to discuss the case."); *Garrison v. Chuck, Carol & Co., Inc.*, 2007 WL 1106128, *7 (M.D. Fla. 2007) (approving a notice stating that potential plaintiffs "either must return the signed form to Plaintiffs' counsel or retain other counsel in time for counsel to file your consent to join this action with the federal court in Orlando, Florida"). Thus, Defendant requests that the following language be added to the Notice: "If you choose to join this lawsuit, you may select your own separate counsel or you may choose to have the Representative Plaintiff's lawyers represent you."

### Information Concerning Opt-Ins' Obligations and Rights

21. Plaintiffs' proposed Notice is also deficient in that it does not allow possible plaintiffs to make a fully informed judgment about the case they are being invited to join. As the Supreme Court stated in *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. at 170, the benefits of a § 216(b) collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Additionally, as the district court in *Sperling v. Hoffman-LaRoche, Inc.* stated, a notice in a § 216(b) action requires "full and effective disclosure of all the relevant facts...sufficient to enable the [consenting party] to make an informed decision...." 118 F.R.D. 392, 408 (D. N.J. 1988) (*quoting IBM v. Levin*, 579 F.2d 271, 282 (3d Cir. 1978)). Thus, any notice must not only inform potential plaintiffs of their possible recovery, but must also inform them of all liabilities which the litigation might impose on them. Indeed, one of the primary purposes for the court-facilitated notice is to avoid "misleading communications." *Hoffman-LaRoche, Inc.*, 493 U.S. at 171.

22. With this backdrop, Plaintiffs' proposed Notice fails to provide a detailed statement of the legal effect of filing a consent form, including the fact that a joining party may be required to give a deposition, respond to written discovery and/or testify in court in the Southern District of Florida. *See Carmody v. Florida Ctr. for Recovery, Inc.*, Case No. 05-cv-14295-KAM, Dkt. No. 38 (S.D. Fla. Nov. 8, 2006) ("While this suit is proceeding, you may be required to respond to written questions, sit for depositions and/or testify in court."); *Pendlebury v. Starbucks Coffee Co*., Case No. 04-80521-CIV-MARRA/SELTZER, Dkt. No. 80 (S.D. Fla. May 17, 2005) ("while the suit is proceeding, you may be required to provide information, appear for a deposition, and/or testify in court."); *see also White v. KCPAC*, 2006 WL 1722348, * 4 (citing *Belcher v. Shoney's Inc,*, 927 F. Supp. 249, 253-55 (M.D. Tenn. 1996) (adding language that opt-in claimants would have to participate in discovery)). Given the individualized nature of the claims in this case, it is particularly important to make this disclosure concerning each putative plaintiff's discovery obligations. Accordingly, assuming the Court grants the Motion, Plaintiffs' proposed Notice is improper and must be modified in the manner set forth above.

## CONCLUSION

Based on the foregoing reasons, the Motion should be denied in its entirety. Plaintiffs failed to produce any evidence of individuals who desire to opt-in to the instant lawsuit. Accordingly, this Court should deny the Motion and not conditionally certify a collective action, and notice of the lawsuit should not be issued. Alternatively, if this Court does conditionally certify a class, Plaintiffs' proposed Notice should be modified in the manner set forth above.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Notices of Electronic Filing generated by CM/ECF. To Anthony F. Sanchez, Esq. of Anthony F. Sanchez, P.A., 1450 Madruga Avenue, Suite 408, Coral Gables, Florida 33146, on this 16th day of February, 2011.

                                      THE LAW OFFICES OF
                                      EDDY O. MARBAN
Ocean Bank Building, Suite 350
782 N.W. LeJeune Road
Miami, Florida 33126
Telephone (305) 448-9292
Facsimile (305) 448-2788
E-mail: marban@bellsouth.net

By: *s/Edilberto O. Marban*
     EDDY O. MARBAN, ESQ.
     Fl. Bar No. 435960