**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 10-CIV-24613-SEITZ/SIMONTON**

**ISRAEL CABLES, et al.,**

        **Plaintiffs,**
**vs.**

**SMI SECURITY MANAGEMENT, INC.,**
**a Florida for-profit corporation,**

        **Defendant.**
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**
**ON INFORMAL DISCOVERY CONFERENCE**

        This matter came before the Court upon the Defendant's Motion for

Reconsideration of Magistrate Ruling Compelling Production of Bank Account Records

In Recommendation Dated March 29, 2012 (DE # 149).  The Motion is referred to

undersigned pursuant to the Order Setting Trial Date, Pretrial Deadlines and Referral to

Magistrate issued by the Honorable Patricia A. Seitz (DE # 70).  For the following

reasons, the Motion for Reconsideration is Denied.

        The instant Motion seeks to have the undersigned reconsider a portion of the

March 29, 2012 Omnibus Order issued following an informal discovery conference (DE #

144).  In that Omnibus Order, among other things, the undersigned directed the

Defendant to, on or before April 11, 2012, produce unredacted bank records of SMI

Security Management, within the time frame at issue, including those documents from

the bank account ending with the last four digits "2387", as well as, any other SMI bank

accounts, *e.g.* other operating accounts, gross receipts accounts, etc.  The Order also

stated the following, "Any bank documents produced, however, are limited to the

Plaintiffs' attorneys and the Plaintiffs' expert's eyes, only, and are not to be used for

other litigation, absent further order of the Court." (DE # 144 at 2).

The Defendant now requests that the undersigned reconsider that Order to the extent it requires the Defendant to provide *unredacted* bank records to the Plaintiffs. The Defendant contends that it should not required to produce unredacted bank records to Plaintiffs' Counsel in this case because that same Counsel represents a former employee in a different action who is alleged to have misappropriated confidential client information and trade secrets from the Defendant in this action.  The Defendant, however, concedes that it did not raise this issue during its argument at the informal discovery hearing but nevertheless asserts that disclosing such record will be prejudicial to the Defendant.  In addition, the Defendant requests that the undersign toll the Defendant's time for seeking an appeal of original Omnibus Order to the District Judge.

For the following reasons, the Defendant's Motion is Denied.  First, the Defendant has failed to provide a basis for the undersigned to reconsider her prior ruling.   To prevail on a motion for reconsideration, the moving party must present new facts or law of a strongly convincing nature. *Lomax v. Ruvin*, 2012 WL 987540 *1 (11th Cir. 2012) citing *Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1276 n. 2 (11th Cir. 2005).  However, a district court may deny a motion for reconsideration that merely "raise[s] arguments which could, and should, have been made before the judgment is issued." *Id.* citing *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990).  In this case, the Defendant admits that it did not raise the issue at the discovery hearing and has offered no explanation for its failure to do so.  In this regard, the Court notes that, according to the Motion for Reconsideration, the case involving the Defendant's former employee was filed in the Eleventh Judicial Circuit, in and for Miami-Dade County and has a case number which

indicates that the matter was filed in 2011 (DE ## 149 at 2, 149-1).  The Defendant has attached a copy of the Complaint from that action to the Motion (DE # 149-2).  Thus, it is unclear why the Defendant did not raise this issue at the March 28, 2012 informal discovery hearing.

Further, the information newly presented to the Court by the Defendant is not of a strongly convincing nature that would, on its own, alter the undersigned's determination regarding the production of the Defendant's unredacted bank records.  The Defendant has implied that it is concerned about the use of the unredacted bank records by Plaintiffs' Counsel in this matter.  However, as stated above, the Omnibus Order placed strict limitations on the use of any bank information produced to Plaintiffs' Counsel and specifically stated that the material could only be used in conjunction with this case. The undersigned is unwilling to opine, based solely upon Defendant's Counsel's concern, that a member of the Florida Bar would disclose or otherwise utilize such information in direct contravention to this Court's order.  Thus, the Defendant has failed to demonstrate under the facts of this case that a Motion for Reconsideration should be granted.

Finally, although the Defendant, in support of its position, has cited to a case wherein a court stated that it is an abuse of discretion for a court to deny a motion for reconsideration where a relevant factor deserving significant weight is overlooked, that case ultimately held that the requested relief was not available to a litigant who predicated a motion for reconsideration on evidence that could have been introduced during the pendency of the underlying motion. *Sussman v. Salem, Saxon & Neilsen, P.A.,* 153 F.R.D. 689, 694-95 (M.D. Fla. 1994).  This holding is wholly consistent with the undersigned's determination in the case at bar.

3

Accordingly, the Defendant's request that this Court reconsider its Omnibus Order and order that the customer names be redacted from the Defendant's bank records is denied.  The undersigned also denies the Defendant's request that the time to appeal the original Omnibus Order be stayed.  The Defendant has failed to provide any basis for this request, and the trial date in this matter is rapidly approaching.  Therefore, the Defendant must file its appeal of the Omnibus Order, if any, to the District Judge within fourteen days of that March 29, 2012 Order.

Finally, the Defendant is reminded that the March 29, 2012 Omnibus Order (DE # 144) has not been stayed and therefore, pursuant to that Order, on or before April 11, 2012, the Defendant shall produce the unredacted bank records for SMI Security Management, within the time frame at issue, including those documents from the bank account ending with the last four digits of "2387", as well as, any other SMI bank accounts, *e.g.* other operating accounts, gross receipts accounts, etc.

Therefore, it is

**ORDERED AND ADJUDGED** the Defendant's Motion for Reconsideration of Magistrate Ruling Compelling Production of Bank Account Records In Recommendation Dated March 29, 2012 (DE # 149) is **DENIED**.

**DONE AND ORDERED** in chambers at Miami, Florida, on April 9, 2012.

_Andrea M. Simonton_
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:

The Honorable Patricia A. Seitz,
    United States District Judge
All counsel of record

4