UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 10-24613-CIV-SEITZ/Bandstra

Israel Cables, *et al.*,

    Plaintiffs,

vs.

SMI Security Management, Inc.,
a Florida for profit corporation.

    Defendant.
_____/

## PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE REGARDING DAMAGE CALCULATION [D.E. 247]

Plaintiffs, by and through undersigned counsel, hereby file this reply as follows:

1. The Defendant's response regarding damages [DE 247] is an example of its scorched earth litigation approach to this case. As will be demonstrated, the response asserts as fact *only* matters which it *knows* (and must know) to be false.

2. In an obvious attempt to delay the entry of Final Judgment pursuant to the Jury's Verdict, Defendant asserts -- without a single citation of authority and without a single citation to the trial record -- the following frivolous proposition:

> [T]he Court must consider which of the dates the jury found to be paid late it can actually award…multiple late payments fell into two categories as are relevant to this motion. The first category is those dates where, according to the Plaintiffs' own evidence and sworn submission, a paycheck cleared SMI's bank account on payday – *making it factually and legally impossible that the given check was received late*. The second category is comprised of those checks that cleared one day after payday – which Plaintiffs acknowledged (see paragraph 6 in each Statement of Claim, D.E.s 158-1 through 158-10) that they were not claiming. The last category is those pay dates where no delay was identified at all, *and no damages were claimed*.

D.E. 247, pp. 1-2 (emphasis added).

3. In fact it is clear that **none** of the challenged paychecks "cleared" on the corresponding pay dates as quizzically maintained by Defendant; each paycheck cleared *after* pay date. See excerpt of trial exhibit 11, attached as Exhibit 1, hereto. The jury's findings regarding each late pay period are overwhelmingly supported by evidence admitted in the record. It is likewise clear that the Plaintiffs testified regarding each and every pay date which appeared on the verdict form. Judgment should be entered according to the jury's verdict.

4. Rather than cite any evidence admitted at trial (such as its own bank records or the ***stipulated*** "clear dates"), the Defendant attempts to delay the entry of judgment on the jury's verdict based upon the supposition that their verdict is inconsistent with affidavits prepared by the Plaintiffs four months prior to trial, before the Defendants had completed production of discovery they were ordered repeatedly to produce, which Defendants did not seek to introduce as evidence at trial, and did not list as an exhibit for trial. Defendants seems to suggest that the affidavits (not even admitted into evidence) are the best evidence for the purpose of establishing – among other things – facts which were proved at trial based the Defendant's own bank records, which *were* admitted into evidence. See Exhibit 1. In fact, the Defendant did not even use the affidavits to cross examine any Plaintiff or to prove any fact. In any event, each and every fact which is advanced as truth by the Defendants in their recent submission [DE 247] is in fact demonstrably false, contradicted by evidence admitted at trial, and by stipulation.

**REPLY TO "SPECIFICS AS TO EACH PLAINTIFF"**

5. Plaintiff by Plaintiff, Defendant asserts the following facts as true when they are demonstrably false and contradicted by the evidence:

2

**a.     Israel Cables**:  Defendant maintains that his paycheck for the pay date 8/18/10 actually cleared on that date and that the jury could not have found that payment to have been late.

**Why this is false**:  In fact, the evidence shows that Mr. Cables's paycheck for that pay date actually cleared six days later on 8/24/10.  This may be easily determined by review of the Defendant's own "zero balance" account bank statement from which the paychecks were drawn.  See Exhibit 1.  Additionally, the "clear date" reflected on the attached check was stipulated to as the correct "clear date" and further admitted into evidence in a summary of Defendant's bank records pertaining to Plaintiff Israel Cables.  Admitted trial exhibit 13.

**b.     Humberto Aguila**:  Defendant maintains Mr. Aguila did not claim delay pertaining to the wages due on the following dates:  2/20/08 and 3/19/08.

**Why this is false**:  As a threshold matter, the law does not require that Plaintiffs' damages be mathematically set forth in *prima facie* fashion, least of all four months in advance of trial, or before discovery has been fully provided.  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946).  Moreover, it is clear that Mr. Aguila *did* testify regarding those dates and claimed all dates for which the jury returned the verdict.  In fact, the wages due on 2/20/08 were not received by him until 3/03/08 (thirteen days late); the wages due 3/19/08 were not received until 3/24/08 (five days late).  This is supported by the evidence admitted at trial (Exhibits 11 and 12), including the stipulated "clear date" reflected in Exhibit 12.  The late payment is further established as an adjudicated fact by the jury verdict entered upon such properly admitted evidence, *inter alia*.

3

The Defendant's claim that the Plaintiff did not assert those pay periods as having been late is based upon the convenience that at the time the affidavits were prepared (four months prior to trial) the Defendant had not provided *any* pay check for those corresponding pay periods from which *any* "clear date" (or any payment of wages for that matter) might be discerned.

**c.**     **Rosa Benitez**:  Defendant maintains that her paycheck for the pay date 12/12/07 actually cleared on that date and that the jury could not have found that payment to have been late.

 **Why this is false**:  In fact, the evidence shows that the paycheck for that pay date actually cleared two days later on 12/14/07.  This may be easily determined by review of the Defendant's own "zero balance" account bank statement from which the paychecks were drawn.  These bank statements were admitted into evidence as Exhibit 11.  See Exhibit 1, hereto.  Additionally, the "clear date" reflected in the paycheck was stipulated to as the correct "clear date" and further admitted into evidence in a summary of those bank records pertaining to Plaintiff Rosa Benitez.  Admitted Exhibit 18 at trial.  Additionally, on that pay day, Defendant's payroll accounts were about $75,000.00 short of the corresponding payroll obligation.  See Exhibit 25 admitted at trial.

**d.**     **Gerardo Perez**:  Defendant maintains that his paycheck for the pay date 11/25/09 actually cleared on that date and that the jury could not have found that payment to have been late.

Defendant also claims that Plaintiff Perez never claimed delay for the wages due 4/29/09.

4

**Why both statements are false**:

**Clear date**.  In fact, the evidence shows that the paycheck for the pay date 11/25/09 actually cleared two days later on 11/27/07.  See Exhibit 1.  This may be easily determined by review of the Defendant's own "zero balance" account bank statement from which the paychecks were drawn.  These bank statements were admitted into evidence as Exhibit 11.  Additionally, the "clear date" reflected in the bank statement (and check) was stipulated to as the correct "clear date" and further admitted into evidence in a summary of those bank records pertaining to Plaintiff Gerardo Perez.  The summary was admitted as exhibit 20 at trial.

**Claim Made**.  As a threshold matter, the law does not require that Plaintiffs' damages be mathematically set forth in *prima facie* fashion, least of all four months in advance of trial, or before discovery has been fully provided. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946).  Moreover, it is clear that the Mr. Perez did testify at trial regarding the 4/29/09 pay date and all dates which appeared on the verdict form.  In fact, to this day, the Defendant has failed to provide any negotiated paycheck for that pay period; there is no evidence that the wages due on that day were even paid at all, let alone timely paid. Additionally, the evidence shows the Defendant did not even have sufficient funds in its payroll account to pay its employees on time that pay period (indeed in the vast majority of pay periods).

The Defendant's claim that the Plaintiff did not assert those pay periods as having been late is based upon the convenience that at the time the affidavits were prepared (four months prior to trial) the Defendant had obviously not provided

5

*any* pay check for that pay period.  When at trial, they still had not provided a paycheck, the jury correctly returned a verdict finding the payment to have not been made on time.

e.     **Alejandro Gonzalez**:  Defendant maintains that his paycheck for the pay date 9/30/09 actually cleared on that date and that the jury could not have found that payment to have been late.

Defendant also maintains (or meekly suggests) that, in spite of the jury's return of a verdict finding numerous other pay periods as having been made late, that the Court should not enter judgment accordingly, because they were only one day late.

**Why both statements are false**:

**Clear Date**:  In fact, the evidence shows that the paycheck for that pay date actually cleared one day later on 9/30/09.  This may be easily determined by review of the Defendant's own "zero balance" account bank statement from which the paychecks were drawn.  These bank statements were admitted into evidence as Exhibit 11.  See Exhibit 1.  Additionally, the "clear date" reflected in the bank statement (and check) was stipulated to as the correct "clear date" and further admitted into evidence in a summary of those bank records pertaining to Plaintiff Alejandro Gonzalez.  The summary was admitted as exhibit 15 at trial.  Additionally, on that pay day, Defendant's payroll accounts were $65,000.00 short of the corresponding payroll obligation.  See Exhibit 25 admitted at trial.

**Late is late**:  The jury obviously heard and accepted the testimony of Alejandro Gonzalez regarding each of his late pay dates.  The law clearly established that

6

the employer's obligation to pay liquidated damages "immediately arises" when "an employer on any regular payment date fails to pay *the full amount*" due. *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944), cert. denied, 324 U.S. 883, 65 S.Ct. 1021, 89 L.Ed. 1433 (1945). Moreover, in the case of Plaintiff Alejandro Gonzalez, the evidence also showed (both through his testimony and documentary evidence: Exhibits 11 and 15) that his paychecks were routinely and immediately negotiated in cash at the Defendant's bank (from which payroll funds were drawn); on ten occasions his wages "cleared on pay day, demonstrating that when he was paid on time, his wages were immediately available. The fact of late payment is established as an adjudicated fact by the jury's reasoned and supported verdict.

**f.      Ranger Montes de Oca**:   Defendant maintains that Plaintiff never claimed delay for the wages due 1/6/10.

**Why the statement is false**:

As a threshold matter, the law does not require that Plaintiffs' damages be mathematically set forth in *prima facie* fashion, least of all four months in advance of trial, or before discovery has been fully provided. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946). Moreover, it is clear that Mr. Montes de Oca did testify regarding the 1/6/10 pay date at trial and all dates which appeared on the verdict form. In fact, to this day, the Defendant has failed to provide ***any*** negotiated paycheck for that pay period; there is no evidence that the wages due Plaintiff on that day were even paid, let alone timely paid. Additionally, the evidence shows the Defendant had about $38,000 in payroll

funds available to satisfy more than $167,000.00 in payroll obligations due that day.  See Exhibit 25 admitted at trial.

The Defendant's claim that the Plaintiff did not assert that pay periods as having been late is based upon the convenience that at the time the affidavits were prepared (four months prior to trial) the Defendant had obviously not provided *any* pay check for that pay period.  When at trial, they still had not provided a paycheck, the jury correctly returned a verdict finding any payment to have been made late.

**g.** **Yusimi Dieguez**:  Defendant maintains again that, in spite of the jury's return of a verdict finding late payment for wages due to her on 9/16/09 and 8/4/10, the Court should not enter judgment accordingly, because those payments were only one day late.

**Why this statement is wrong**:  The jury obviously heard and accepted the testimony of Yusimi Dieguez regarding each of her late pay dates.  The law clearly established that the employer's obligation to pay liquidated damages "immediately arises" when "an employer on any regular payment date fails to pay *the full amount*" due.  *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944), cert. denied, 324 U.S. 883, 65 S.Ct. 1021, 89 L.Ed. 1433 (1945).  Moreover, in the case of Ms. Dieguez, the evidence showed (both through her testimony and admitted documentary evidence:  Exhibits 11 and 14) that her paychecks were routinely and immediately negotiated at the Defendant's bank (from which the funds were drawn); on twenty seven occasions her wages "cleared" on pay day, demonstrating that when she was paid on time, her wages

were immediately available to her. Additionally, regarding each of the questioned pay periods, the Defendant was more than $100,000.00 short to meet its payroll obligations.  The fact of late payment is established as an adjudicated fact by the jury's reasoned and supported verdict.

**h.** **Mayra Rodriguez**: Defendant maintains that her paycheck for the pay date 06/24/09 actually cleared on that date and that the jury could not have found that payment to have been late.

**Why this is false**:  In fact, the evidence shows that the paycheck for that pay date actually cleared eight days later on 7/01/09.  This may be easily determined by review of the Defendant's own "zero balance" account bank statement from which the paychecks were drawn, admitted into evidence as trial exhibit 11. See Exhibit 1, hereto.  Additionally, the "clear date" was stipulated to as the correct "clear date" and further admitted into evidence in a summary of those bank records pertaining to Plaintiff Mayra Rodriguez.  See trial exhibit 21.

WHEREFORE, Plaintiffs request the Court enter judgment pursuant to the jury's verdict.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on September 18, 2012 and served on all counsel of record and parties listed on the Service List below.

Anthony F. Sanchez, P.A.
Counsel for Plaintiffs
6701 Sunset Drive, Suite 101
Miami, FL 33143
Tel.: 305-665-9211
Fax:   305-328-4842
E-mail: afs@laborlawfla.com

By:    /s/Anthony F. Sanchez
       Anthony F. Sanchez
       Florida Bar No.0789925

**SERVICE LIST**

Anthony F. Sanchez, Esq.
Florida Bar No.: 0789925
*Counsel for Plaintiffs*
Anthony F. Sanchez, P.A.
6701 Sunset Drive, Suite 101
Miami, FL 33143
Tel:	305-665-9211
Fax:	305-328-4842
E-mail:afs@laborlawfla.com
*via Notice of Electronic Filing*

Nick W. Stieglitz, Jr., Esq.
Florida Bar No.: 0996505
*Counsel for Plaintiffs*
Dadeland Executive Center
6855 SW 81 Street, Suite 100
South Miami, FL  33143
Tel:	305-358-2900
E-mail: stieglaw@bellsouth.net
*via Notice of Electronic Filing*

Michael B. Feiler, Esq.
Florida Bar No.: 0098477
*Counsel for Defendants SMI Security Management, Inc. and Karina Aponte*
FEILER & LEACH, P.L.
901 Ponce de Leon Blvd.
Penthouse Suite
Coral Gables, FL 33134
Tel:	305-441-8818
Fax:	305-441-8081
E-mail:Mbf@flmlegal.com
*via Notice of Electronic Filing*